UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

RAYMOND HINDS; PATRICIA HINDS,
            *Claimants-Appellants,*

and

$5,712.00 IN UNITED STATES
CURRENCY; ONE 1994 NISSAN INFINITI
Q-45 FOUR-DOOR SEDAN, VIN
JNKNGO1D64M259048, White in
Color, Florida License 274 ACT
(2000), Together With all of its
Equipment, Accessories and
Contents,

            *Defendants.*

No. 02-1128

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-00-3047-19-3)

Submitted: July 29, 2002

Decided: September 23, 2002

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Johnny E. Watson, Sr., LAW OFFICE OF JOHNNY E. WATSON, Columbia, South Carolina, for Appellants. J. Strom Thurmond, Jr., United States Attorney, Martin J. Caughman, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Raymond and Patricia Hinds appeal the district court judgment granting summary judgment to the United States in the action to forfeit Hinds' 1994 Nissan Infiniti Q-45 automobile and $5712 in currency. The Hinds argue the district court erred by: (1) granting the United States' motion to strike their answer; and (2) granting summary judgment to the United States. Finding no reversible error, we affirm.

The magistrate judge issued a report recommending granting the United States' motion to strike the Hinds' answer. The magistrate judge found the Hinds failed to file a verified statement of interest in the property. Despite being notified of the consequences of failing to note timely objections to the report and recommendation, the Hinds failed to file objections. The district court noted that the Hinds failed to file objections and adopted the magistrate judge's recommendation.

The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to object will waive appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140 (1985). The Hinds have waived appellate review of the district court's order

granting the United States' motion to strike their answer by failing to file objections after receiving proper notice.

This Court reviews an award of summary judgment de novo. *Higgins v. E. I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' respective burdens of proof at trial. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In determining whether the moving party has shown there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Id.* at 255; *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996). We find the district court properly granted summary judgment to the United States.

Accordingly, we affirm the district court's judgment. We deny the United States' motion to strike portions of the Hinds' brief. We grant the United States' motion to file a supplemental appendix. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*